# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 14-829; 14-832       **Caption [use short title]**

**Motion for:** Judicial notice.

Chevron Corp. v. Donziger, et al.

Set forth below precise, complete statement of relief sought:

The Republic of Ecuador requests that the Court take judicial notice of the attached documents, which comprise the Republic's Appendix.

**MOVING PARTY:** The Republic of Ecuador       **OPPOSING PARTY:** Chevron Corp.; Donziger, et al.

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Eric W. Bloom       **OPPOSING ATTORNEY:** See attached rider.

[name of attorney, with firm, address, phone number and e mail]

Winston & Strawn LLP
1700 K Street NW Washington DC 20006
202-282-5000/ebloom@winston.com

**Court Judge/Agency appealed from:** U.S. District Court, Southern District of New York, Honorable Lewis A. Kaplan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☐ Yes  ☐ No
Has this relief been previously sought in this Court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes  ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
/s/ Eric W. Bloom       **Date:** July 8, 2014       **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

<u>RIDER: OPPOSING ATTORNEYS</u>

Theodore Olson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 955-8500
tolson@gibsondunn.com

*Counsel for Chevron Corp.*

Deepak Gupta
Gupta Beck PLLC
1735 20th St., N.W.
Washington, D.C. 20009
(202) 888-1741
deepak@guptabeck.com

*Counsel for Stephen Donziger et al.*

Burt Neuborne
Brennan Center for Justice
New York University School of Law
40 Washington Square South, 307
New York, NY 10012
(212) 998-6172
burt.neuborne@nyu.edu

*Counsel for Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje*

# 14-826-cv(L)
## 14-832-cv(Con)

# In the United States Court of Appeals for the Second Circuit

———————

CHEVRON CORPORATION,
PLAINTIFF-APPELLEE

*v.*

STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCS. PLLC, HUGO GERARDO CAMACHO NARANJO, AND JAVIER PIAGUAJE PAYAGUAJE,
DEFENDANTS-APPELLANTS

———————

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK*

———————

*AMICUS CURIAE* **THE REPUBLIC OF ECUADOR'S MOTION FOR JUDICIAL NOTICE OF APPENDIX CONTENTS**

———————

ERIC W. BLOOM
LAUREN B. SCHUTTLOFFEL
ERIC M. GOLDSTEIN
NASSIM H. HOOSHMANDNIA
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 282-5000*
*ebloom@winston.com*

Counsel for *Amicus Curiae*

JULY 8, 2014

*Amicus curiae* the Republic of Ecuador ("the Republic") respectfully moves this Court to take judicial notice of documents that are not part of the record below and are contained in the Republic's Appendix (RA), a copy of which is attached hereto.[1] The RA is comprised of court records and documents from other legal proceedings, Ecuadorian laws and regulations, government publications, a report from an International Non-Governmental Organization, and news media offered not for the truth of the matter asserted therein.

## FACTUAL BACKGROUND

As discussed in the Republic's *amicus curiae* brief, the Ecuadorian judicial and legal systems are predicated on fundamental principles of justice and due process deeply rooted in the Ecuadorian Constitution. While the Republic takes no position with respect to the merits of the RICO claims before this Court or of the underlying Lago Agrio Litigation, it does have a legitimate sovereign interest in ensuring that its judiciary is afforded the same respect any State, including the United States, would expect from a sister sovereign. The District Court reached far beyond the issues presented to unnecessarily impugn the Republic's judiciary. It did so on the basis of unreliable evidence, and without the benefit of the Republic's input. As a result, the District Court's opinion fails to account for information it

---

[1] Chevron opposes this Motion. The Donziger Appellants consent to it. As of filing, the Republic has not received a response from counsel for Defendants-Appellants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje.

either did not know or chose to disregard regarding Ecuadorian legal processes and the Ecuadorian judiciary.

## ARGUMENT

### The Court Should Permit Supplementation Of The Record And Take Judicial Notice Of The Materials In The Republic's Appendix

This Court may take judicial notice of the types of documents contained in the RA for purposes of this appeal. Federal Rule of Evidence 201 authorizes this Court to take judicial notice of the content of documents that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070, 1086 (2d Cir. 1982) ("When there is no dispute as to the authenticity of [ ] materials and judicial notice is limited to law or . . . factual matters that are incontrovertible, such notice is admissible."). Rule 201 mandates that judicial notice be taken when "requested by a party and supplied with the necessary information," and authorizes judicial notice "at any stage of the proceeding." FED. R. EVID. 201(d), (f); *see N.Y. State Restaurant Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 136 (2d Cir. 2009) (taking judicial notice of other states' legislation at *amici*'s request).

The documents in the RA are divided into four categories: (1) court records and documents from other legal proceedings; (2) Ecuadorian laws and regulations; (3) publications and reports from governments and an International Non-

Governmental Organization ("NGO"); and (4) news media. This Court and its sister Circuits have taken judicial notice of the type of documents in each of these categories.

*First*, courts regularly take judicial notice of public court records and documents from other legal proceedings. *See, e.g.*, *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337-38 (2d Cir. 2006) (taking judicial notice of documents from other legal proceedings); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint in another case); *Rivera-Powell v. N.Y. City Bd. of Elecs.*, 470 F.3d 458, 464 (2d Cir. 2006); *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999). At a minimum, courts will take judicial notice of the existence of other court proceedings or publicly filed documents where the purpose is merely to establish that certain matters were stated in the documents, not for the truth of such statements. *See, e.g.*, *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991); *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006).

*Second*, courts generally take judicial notice of published laws and regulations from foreign countries. *See, e.g.*, *Garb v. Republic of Poland*, 440 F.3d 579, 594 (2d Cir. 2006) (taking judicial notice of the Polish Constitution); *Mut. Servs. Ins. Co. v. Frit Indus.*, 358 F.3d 1312, 1321 (11th Cir. 2004) (citing *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1424 n.10 (9th Cir. 1989)). Moreover, ques-

tions regarding foreign law are treated as matters of law, not fact, and thus are not subject to exclusionary or formalistic rules of evidence. *See* FED. R. CIV. P. 44.1. Accordingly, the laws and regulations of foreign countries may be judicially noticed. *Oneida Indian Nation*, 691 F.2d at 1086 ("When . . . judicial notice is limited to law or . . . factual matters that are incontrovertible, such notice is admissible.").

*Third*, courts regularly take judicial notice of authoritative texts, government publications, and reports of independent scholars if they bear on the matters at issue. *See, e.g.*, *Jian Hua Xia v. Gonzales*, 247 F. App'x 241, 243 (2d Cir. 2007) (taking judicial notice of U.S. Department of State report); *Okoi v. El Al Israel Airline*, 378 F. App'x 9, 11 (2d Cir. 2010) (taking judicial notice of government publication); *Hotel Employees & Restaurant Employees Union v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534 (2d Cir. 2002) (taking judicial notice of authoritative texts).

*Fourth*, and finally, courts regularly take judicial notice of published news media, especially where, as here, they are not offered for the truth of the assertions therein, but rather that the articles and opinions were published at all. *See*, *e.g.*, *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199 (2d Cir. 2007) (holding judicial notice of news articles documenting changes in a country's politics was appropriate); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (taking judi-

cial notice of *New York Times* article); *Logan v. Denny's, Inc.*, 259 F.3d 558, 578 (6th Cir. 2001). Moreover, news articles may also be judicially noticed for the purpose of establishing that certain information was publicly known. *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the *fact* that press coverage . . . contained certain information[.]"); *Rivas v. Fischer*, 687 F.3d 514, 520 n.4 (2d Cir. 2012) (same).

## CONCLUSION

For the foregoing reasons, *amicus curiae* the Republic respectfully requests that the Court permit supplementation of the record by taking judicial notice of the documents contained in its annexed Republic's Appendix.

Respectfully submitted,

 */s/ Eric W. Bloom*
ERIC W. BLOOM
LAUREN B. SCHUTTLOFFEL
ERIC M. GOLDSTEIN
NASSIM H. HOOSHMANDNIA
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 282-5000*
*ebloom@winston.com*

*Counsel for* Amicus Curiae
*The Republic of Ecuador*

JULY 8, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on July 8, 2014, I caused to be filed a copy of the foregoing via CM/ECF for the U.S. Court of Appeals for the Second Circuit. All participants are registered CM/ECF users and will be served by the CM/ECF system.

                                                  /s/ *Eric W. Bloom*
                                                  ERIC W. BLOOM