# 14-826-cv(L)
## 14-832-cv(Con)

# In the United States Court of Appeals for the Second Circuit

———————

CHEVRON CORPORATION,
PLAINTIFF-APPELLEE

*v.*

STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCS. PLLC, HUGO GERARDO CAMACHO NARANJO, AND JAVIER PIAGUAJE PAYAGUAJE,
DEFENDANTS-APPELLANTS

———————

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK*

———————

**REPLY IN SUPPORT OF THE REPUBLIC OF ECUADOR'S MOTIONS FOR LEAVE TO FILE OVERSIZED BRIEF AS *AMICUS CURIAE* AND FOR JUDICIAL NOTICE OF APPENDIX CONTENTS**

———————

ERIC W. BLOOM
LAUREN B. SCHUTTLOFFEL
ERIC M. GOLDSTEIN
NASSIM H. HOOSHMANDNIA
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 282-5000*
*ebloom@winston.com*

Counsel for *Amicus Curiae*

JULY 29, 2014

## INTRODUCTION

Chevron's argument that the Republic of Ecuador—a foreign sovereign whose judiciary was impugned over the course of 20 pages in the District Court decision—has no right to be heard as *amicus curiae* reflects an unusual tactic by a litigant in a case of this magnitude. Chevron itself knows better. Three years ago, it *consented* to the Republic's request to file an *amicus* in *Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012), under indistinguishable circumstances.

As before, the Republic (1) filed its motion for leave and proposed *amicus* brief within one week of the first appellant's brief, per FRAP 29(e), and (2) set forth its interest as to why its "brief is desirable and why the matters asserted are relevant to the disposition of the case," per FRAP 29(b). Chevron disputes neither.

Chevron bases its opposition on the Republic's alleged failure to timely cure a deficient-filing notice from the Clerk's Office. But that notice is simply part of a larger confusion engendered by apparently conflicting Federal and Local Rules, all of which the Republic explained in its motion and reiterates below. In fact, the Republic filed within the time set forth in the FRAP—and on the same day as four other *amici*. In all events this Court may grant leave for later filing anyway.

Nor does Chevron genuinely dispute the Republic's strong interest in certain of the issues presented on appeal. To the contrary, Chevron claims the Republic's

interest is *so* strong that it was required to *intervene* below to protect that interest. Of course, the Republic was not required to do so.

Chevron's opposition to judicial notice is similarly without merit. It fails to point to a single document in the Republic's Appendix that does not satisfy Federal Rule of Evidence 201. As such, Chevron proffers the self-refuting argument that this Court should decline to judicially notice, for example, certified translations of the Ecuadorian Constitution. Equally baseless is Chevron's suggestion that judicial notice on appeal is improper. *See, e.g.*, *N.Y. State Restaurant Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 136 (2d Cir. 2009).

The Republic's motions should be granted.

## ARGUMENT

### I. The Republic Timely Filed Its Motion For Leave And Its Proposed *Amicus* Brief.

Under FRAP 29(e), an *amicus curiae* brief in support of neither party is due "no later than 7 days after the appellant's or petitioner's principal brief is filed." Chevron does not dispute that the Republic's filing was timely under Rule 29(e). *Compare* Dkt. 71 (Appellant brief filed July 1) *with* Dkt. 112 (Republic's motion and brief filed July 8). Instead, Chevron seeks to use a deficiency notice to hold the Republic's good-faith effort to reconcile apparently conflicting rules against it.

The deficiency notice (Dkt. 79) resulted from a conflict between Local Rule 27.1(e)(3) and FRAP 29(b). As the Republic previously explained (Dkt. 112-1 at 1

2

n.1), Local Rule 27.1(e)(3) requires that motions to file oversized briefs be filed at least 14 days before the brief's due date while FRAP 29(b) requires that a motion for leave to file an *amicus* brief "be accompanied by the proposed brief[.]" To comply with the Local Rule, the Republic moved for leave to file an oversized *amicus* brief on June 24, 2014, noting the conflict and the Court's power to suspend "any provision" of the FRAP for good cause under FRAP 2. Dkt. 75. The Republic's June 24 filing turned out to be two weeks *early*. The Clerk instead advised the Republic to file a single motion for leave to file an oversized *amicus* brief, with the brief itself, on its due date (July 8)—*not* a "corrected" motion.

Consistent with its instructions, the Clerk's Office did not strike the July 8 filing. If, however, this Court were to deem the July 8 filing untimely, the Republic requests the Court to nonetheless accept it as there is clearly no prejudice to any party. *See* Fed. R. App. P. 29(e) ("A court may grant leave for later filing, specifying the time within which an opposing party may answer."); *cf.* Fed. R. App. P. 2.

## II. The Republic's Brief Explains Its Interest As *Amicus Curiae*, Which Arose Upon Issuance Of The District Court Opinion.

The Republic undeniably has an interest in an appeal from a District Court decision with over 20 pages of unsubstantiated prose impugning the Republic's judiciary and executive branches. *See* Dkt. 112-1 at 2 (reproducing Part VII of the District Court Opinion table of contents). That interest more than suffices for the

3

Republic to present its views. Chevron understood as much in 2011 when it did not oppose the Republic's request to participate as an *amicus*—based on similar comity considerations—in *Naranjo*. Chevron admits as much now by contending that the Republic's interest in the proceedings below *required* the Republic to *intervene* to protect that interest if it wants to be heard on appeal. Dkt. 152-1 at 5-6.

But Chevron cites no rule—because none exists—requiring a non-party to intervene in the District Court to preserve its right to participate as an *amicus* on appeal. Instead, Chevron maintains that because the Republic "had been following the case" and "knew what issues were in dispute" it should have foreseen the extent to which Judge Kaplan would pass judgment on its judiciary. *Id*. at 7. But as the Republic previously noted, "[t]his is a RICO action[,] . . . *not* a referendum on the Ecuadorian judiciary." Dkt. 112-2 at 1. There were no claims brought against the Republic, the Republic itself had no claims it wished to assert, and the integrity of the Republic's judiciary was *not* properly an issue in dispute below.[1]

The Seventh Circuit explains that "[a]n amicus brief should normally be allowed":

> when the amicus has an interest in some other case that
> may be affected by the decision in the present case
> (though not enough affected to entitle the amicus to in-

---

[1] Statements by Ambassador Cely and President Correa, the latter made *after* the District Court rules, suggest nothing more. Dkt. 152-1 at 8-9.

4

> tervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers). Here, the Republic indisputably has an interest in a case that may be affected by the outcome of this one. Chevron brought this RICO action in parallel to its international arbitration against the Republic, in which it alleges that the Republic failed to provide it due process in the Lago Agrio Litigation. It has asserted identical arguments in both proceedings and has already cited Judge Kaplan's decision in its arbitration submissions. Moreover, the Republic is better positioned than any appellant to offer a robust explanation and defense of its judiciary. And as the sovereign, it is the Republic's duty to do so, no less than the United States would wish to be heard in a foreign forum in like circumstances.

Contrary to Chevron's protestations, the Republic's amicus does not raise new arguments.[2] Rather, it relates squarely to the issues on appeal, which include the District Court's attack on the Ecuadorian judiciary, rejection of comity, and disregard for Second Circuit precedent. *See* Donziger Appellants' Br. (Dkt. 101) at 4 ("Is Chevron's wholesale attack on the Ecuadorian judiciary foreclosed by judi-

---

[2] Even if it did, "[e]ntertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994); *see also Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (same); *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005).

5

cial estoppel and international-comity principles and contradicted by Chevron's own evidence?"); LAP Appellants' Br. (Dkt. 83) at ii ("The Condemnation is Based on Shockingly Inadequate Evidence."; "The Condemnation is Inconsistent with Binding Principles of International Comity."). In any event, *amici* (especially *amici* whose interests are so obviously implicated) are not limited to regurgitating arguments already made, and they lose their value if that is all they do.

In *Naranjo*, this Court credited the Republic's *amicus* submission in determining that Chevron "expert" witness Vladimiro Álvarez Grau is in fact an "avowed opponent" of the Correa Administration and is therefore biased. 667 F.3d at 238. The Republic's further information regarding Álvarez is thus once again relevant, and will prove helpful to this Court. Chevron's attempt to shield Judge Kaplan's improper reliance on Álvarez under cover of deference to a trial court's credibility assessment is unpersuasive. Dkt. 152-1 at 14. The general rule of deference "is not to suggest that the trial judge may insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness." *Anderson v. Bessemer City*, 470 U.S. 564 (1985). The Republic's *amicus* brief provides this Court with "factors other than demeanor and inflection," just as it did in *Naranjo*.

Finally, Chevron objects to the "relief" the Republic seeks. Dkt. 152-1 at 11-12. Whether or not this Court decides to strike any portion of Judge Kaplan's

decision, at the Republic's request or *sua sponte*, the Court is entitled to have before it a full picture of the true state of the Ecuadorian judiciary.

### III.     The Republic's Proffered Documents Are Judicially Noticeable.

Along with its brief, the Republic requested that this Court take judicial notice of documents that it believes in good faith are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Chevron opposes this motion wholesale. But Chevron makes no effort to argue, much less show, that even one of these documents fails to satisfy the judicial notice standard of Rule 201. Rule 201(c)(2) instructs that the court "must" take judicial notice upon request, so long as "the court is supplied with the necessary information" by the party seeking judicial notice. Here, the Republic has provided copies of the relevant documents and, where applicable, certified translations. Indeed, the Rule even allows the Court to take judicial notice on its own, without the need for a motion.

Chevron's opposition demands that the Court disregard even the most plainly judicially noticeable documents—such as excerpts of the Republic's Constitution. *See Garb v. Republic of Poland*, 440 F.3d 579, 594 n.18 (2d Cir. 2006) (taking judicial notice of the Polish Constitution). Litigants and *amici* often cite new legal authority, both foreign and domestic, to demonstrate how sister circuits and foreign judiciaries apply the law. *See id.*; *see also, e.g.*, Pet. for a Writ of Cert.,

*Ford Motor Co. v. Buell-Wilson*, 2007 WL 276146, at *22 (U.S. Jan. 30, 2007) (citing new domestic authority to define circuit splits); Appellee's Br., *Osorio v. Dow Chem. Co.*, 2010 WL 6402940, at *8 (11th Cir. Sept. 27, 2010) (citing new foreign authority to explain effect of Nicaraguan statute). Judicial notice is particularly appropriate here where the Republic offers documents, like its Constitution, that bear primarily on the interpretation and application of foreign law.

Nor does it matter that the request for judicial notice comes on appeal rather than in the trial court. *See* Fed. R. Evid. 201(d) (authorizing judicial notice "at any stage of the proceeding"). Indeed, this Court has previously taken judicial notice of documents not in the record below at the request of *amici*. *See N.Y. State Restaurant Ass'n*, 556 F.3d at 136; *see also Cnty. of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 189 n.5 (2d Cir. 2001).[3]

---

[3] Chevron proclaims that "parties—not to mention *amici*—cannot generally add to the record on appeal" and that this Court "limits the contents of an appendix to materials in the record below." Dkt. 152-1 at 4. However, the Republic's request for judicial notice of documents routinely given such treatment is fully consistent with this Court's precedent, including *N.Y. State Restaurant Ass'n* and *County of Suffolk*. And the appendix rule Chevron cites applies by its terms only to appellants, not *amici*. *See* Fed. R. App. P. 30(a)(1) ("Appellant's Responsibility" as to appendix, referred to in Local Rule 30.1). As *amicus*, undersigned counsel submitted and had the U.S. Supreme Court not only accept deposition evidence, but cite to this evidence in its decision. *United States v. Winstar Corp.*, 518 U.S. 839, 851 n.6 (1996) (citing for background deposition transcript attached to Brief of Franklin Financial Group, Inc., et al. as *Amicus Curiae* at 9 even though not in underlying record). Nor is there any merit to Chevron's contention that judicial notice here would "circumvent" Federal Rule of Civil Procedure 44.1. Dkt. 152-1 at 6. Rule

## CONCLUSION

For the reasons noted herein and in the Republic's moving papers, the Republic respectfully requests that this Court grant it leave to participate in this appeal as *amicus curiae* and take judicial notice of the documents contained in the Republic's Appendix submitted on July 8, 2014.

Respectfully submitted,

 /s/ Eric W. Bloom
ERIC W. BLOOM
LAUREN B. SCHUTTLOFFEL
ERIC M. GOLDSTEIN
NASSIM H. HOOSHMANDNIA
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 282-5000*
*ebloom@winston.com*

*Counsel for* Amicus Curiae
*The Republic of Ecuador*

JULY 29, 2014

---

44.1, part of Title VI ("Trials"), sets forth the procedures for a *party* to raise issues of foreign law *at trial*. It says nothing about *amici* on appeal. What is more, Rule 44.1 "refrains from imposing an *obligation* on the court to take 'judicial notice' of foreign law"; but it does not prohibit a court from doing so. Fed. R. Civ. P. 44.1, advisory committee notes (1966) (emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2014, I caused to be filed a copy of the foregoing via CM/ECF for the U.S. Court of Appeals for the Second Circuit. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Eric W. Bloom*
ERIC W. BLOOM